IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:23-CR-136-O |
| NOAH ROBERT CALDERON | |

## PLEA AGREEMENT WITH WAIVER OF APPEAL

Noah Robert Calderon, the defendant, the defendant's attorney, and the United States of America (the government) agree as follows:

1. **Rights of the defendant**: The defendant understands that the defendant has the rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have the defendant's guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offenses alleged in Counts One and Two of the Superseding Information, charging respectively a violation of 26 U.S.C §§ 5841, 5861(d) and 5871, that is Possession of an Unregistered Firearm; and a violation of 18 U.S.C. §2252A(a)(2), that is, Receipt of Child Pornography. The defendant understands the nature and

**Plea Agreement—Page 1**

elements of the crime to which the defendant is pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3. **Sentence**: The minimum and maximum penalties the Court can impose include:

Count One:

a. imprisonment for a period not more than 10 years;

b. A fine not to exceed $250,000, or twice the pecuniary gain or twice the pecuniary loss to any victim, or both a fine and imprisonment;

b. a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If the Defendant violates the conditions of supervised release, he could be imprisoned an additional term;

c. a mandatory special assessment of $100; and

e. restitution to victims or to the community.

Count Two

a. imprisonment for a period not less than five years, and not to exceed 20 years;

b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

c. restitution of not less than $3,000 per victim, which is mandatory under the law pursuant to 18 U.S.C. § 2259, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

d. a mandatory special assessment of $100;

     e.     An assessment, pursuant to 18 U.S.C. § 2259A, for no more than $35,000

     f.     An additional mandatory special assessment of $5,000 pursuant to 18 U.S.C. § 3014, unless the Court finds the defendant to be indigent;

     g.     a term of supervised release of at least five years up to any term of years to life, which is mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;

     h.     registration as a sex offender; and

     i.     costs of incarceration and supervision.

4.     **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw the defendant's plea if the defendant's sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.     **Mandatory special assessment**: Prior to sentencing, the defendant agrees to pay to the U.S. District Clerk the amount of $200, and, pursuant to 18 U.S.C. § 3014(a), an additional amount of $5,000, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement**: The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

7. **Forfeiture of property**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture pursuant to the plea of guilty. The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and

Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

8. **Destruction of property**: The defendant waives and abandons any and all right, title, claim or interest, he may have in all property seized during the investigation of the defendant from his residence and leading to the Superseding Information in this case, which is specifically listed below:

   a. Galaxy S21+ 5G, model SM-G996U, serial number R3CR30GT5HZ
   b. Samsung cellular phone, model SM-G975U1, serial number 352689100544240
   c. LG cellular phone, model n/a, serial number 358335100786415
   d. T-Mobile cellular phone, model n/a, serial number 015734006500661
   e. Samsung cellular phone, model Galaxy S9+ SM-G965U1, serial number 353522098245760
   f. Samsung cellular phone, model Galaxy S8+ SM-G955U, serial number 357751081416866
   g. Hard Drive from Red CPU, barcode E6053284.
   h. Black Asus Laptop, serial number 7NRCVOSY217313, barcode E6053280
   i. 'Two (2) SD Cards From 2 Cameras,' barcode E6053274
   j. Samsung Verizon Tablet, barcode E6053268
   k. Black Seagate Hard Drive, serial number NAC83CYZ, barcode E6053265
   l. Black Seagate Hard Drive, serial number NAC85FE6, barcode E6053265
   m. HP Laptop, serial number 3c13500298, barcode E6053264

Defendant affirms that no other person has an interest in the listed property and agrees that the government may destroy or otherwise dispose of such property, including but not limited to any and all images, files, documents or other information that may be

electronically stored on or within the listed property, at its discretion. The defendant agrees there was reasonable cause for the seizure of the subject property and releases, holds harmless, and forever discharges the government, its officers, agents, servants, and employees, its heirs, successors, or assigns, or any state or local authorities, either in their official or individual capacities, from any and all claims, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, and/or demands whatsoever in law or equity that the defendant and his heirs, successors, or assigns ever had, now have, or may have in the future, in relation to the subject property. The defendant further agrees that he will not seek costs or attorney fees in connection with the seizure, abandonment, or destruction of the subject property.

9. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will dismiss, after sentencing, any remaining charges in the pending indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

10. **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated

or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

11. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

13. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this

agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 6th day of July, 2023.

NOAH CALDERON
NOAH ROBERT CALDERON
Defendant

LEIGHA SIMONTON
UNITED STATES ATTORNEY

for JAY WEIMER
Assistant United States Attorney
Texas State Bar No. 24013727
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5200
Facsimile: 817-252-5455

Plea Agreement—Page 8

_____  
JOSHUA RHODES  
Attorney for Defendant

Email: jay.weimer@usdoj.gov

_____  
ALEX LEWIS  
Deputy Criminal Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_NOAH CALDERON_        _July 5th 2023_
NOAH ROBERT CALDERON     Date
Defendant

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_[signature]_        _7/5/23_
JOSHUA RHODES     Date
Attorney for Defendant

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I further understand that I am required to provide information relating to my intended travel outside the United States. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment or both.

_NOAH CALDERON_        _July 5th 2023_
NOAH ROBERT CALDERON     Date
Defendant

_[signature]_        _7/5/23_
JOSHUA RHODES     Date
Attorney for Defendant

Plea Agreement—Page 10